952 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rodney D. ROUSH, Plaintiff-Appellant,
v.
Judith Annette ROUSH; Betty Wickline; State of West
Virginia, Acting Through Its Department of Human
Services; Rhone-Poulenc AG Company, a
Pennsylvania Corporation,
Defendants-Appellees.
 No. 91-2539.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1991.
Decided Dec. 18, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. (CA-90-912-2), Charles H. Haden II, Chief District Judge.
 Argued: Larry Lynn Skeen, Skeen & Skeen, Ripley, W.Va., for appellant; William Randolph Fife, Steptoe & Johnson, Michael B. Victorson, Robinson & McElwee, Charleston, W.Va., for appellees.
 On Brief: Daniel R. Schuda, Steptoe & Johnson, Christopher B. Power, Robinson & McElwee, Michele Grinberg, Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for appellees.
 S.D.W.Va., 767 F.Supp. 1344.
 AFFIRMED.
 Before DONALD RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Roush appeals the district court's order dismissing his action under 42 U.S.C. § 1983 against each defendant for failure to state a claim upon which relief can be granted. We affirm.
 
 
 2
 In 1986, Mrs. Roush initiated a divorce action against Mr. Roush in West Virginia Circuit Court. Pursuant to the Family Obligations Enforcement Act of 1986, W.Va.Code § 48A (1986 & Supp.1991),* a Family Law Master ("FLM") heard the case. On January 27, 1988, the circuit court entered a final divorce decree which established alimony payments of $400.00/month and child support payments of $150.00/month for each of the two children. At a subsequent hearing, the FLM found that Mr. Roush was in arrears in the amount of $880.00.
 
 
 3
 In late March 1988, Betty Wickline of the Child Advocate Office of the Department of Human Services ("DHS") sent Mr. Roush written notice that a suggestion [garnishment] of his wages at Rhone-Poulenc AG Company ("Rhone-Poulenc") would be commenced in the amount of the current monthly obligation plus ten percent to discharge the arrearage. Pursuing his state law remedies, Mr. Roush appeared at a scheduled meeting with the Child Advocate Office to contest the facts warranting the suggestion and also its amount. See id. § 48A-5-3(c)(10), (11), (12). The parties could not resolve their differences, and as required by state law, a hearing before the FLM was scheduled for the next day. Only Mr. Roush appeared at the hearing, and the FLM took no action toward implementing the suggestion. Although state law requires a recommended order from the FLM and a confirmed order from the circuit court, the Child Advocate Office commenced the suggestion through notice to the employer without receiving the proper authority. Mr. Roush claims that this action deprived him of his opportunity to make his objections known before the circuit court.
 
 
 4
 In addition to the denial of a hearing, Mr. Roush complains of numerous delays by the Child Advocate Office in correcting the suggestion due to changed circumstances. Specifically, the children at times did not live with Mrs. Roush, and the ten percent suggestion continued despite the curing of the arrearage. Mr. Roush successfully moved the circuit court to terminate the suggestion, but, on appeal, the West Virginia Supreme Court of Appeals reversed and remanded the case for reinstatement of the suggestion.
 
 A. Mrs. Roush
 
 5
 Mr. Roush asserts that Mrs. Roush acted under color of state law to deprive him of his federal constitutional rights by initiating with the DHS and Wickline the wage suggestion and thereby violated 42 U.S.C. § 1983. In essence, he complains that Mrs. Roush, in concert with the other defendants, deprived him of his right to certain property, his wages, without a hearing in violation of the due process clause.
 
 
 6
 In Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), the Supreme Court stated: "[W]e do not hold today that 'a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the section 1983 requirement of action under color of state law.' " Id. at 939 n. 21. The Court limited its holding to prejudgment attachment hearings. Id. The circuit court in this case, however, entered a final divorce decree before the suggestion commenced. We decline to expand settled law. Mrs. Roush was merely pursuing remedies available under West Virginia law, and although certain state employees are alleged to have assisted her, this is not sufficient to satisfy § 1983.
 
 B. DHS
 
 7
 In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court held that a "State is not a person within the meaning of § 1983." Id. at 64. Furthermore, the Court noted that "our holding ... applies only to states or governmental entities that are considered 'arms of the State.' " Id. at 70. The DHS, as an arm of the state, therefore, cannot be sued under § 1983.
 
 C. Wickline
 
 8
 Likewise, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.... As such, it is no different from a suit against the State itself." Id. at 71. Hence, Wickline, alleged to be acting in her official capacity as an employee of the DHS, cannot be sued under § 1983.
 
 D. Rhone-Poulenc
 
 9
 Mr. Roush asserts that his employer, Rhone-Poulenc, had a duty to ignore the suggestion order where the suggestion exceeded the maximum allowed by law of his total income. We find no such duty, because the suggestion order is binding on the employer, and Rhone-Poulenc could, therefore, be liable for any amount not suggested from Mr. Roush's wages. W.Va.Code § 48A-5-3(j), (n) (Supp.1991). Mr. Roush also argues that Rhone-Poulenc acted in concert with the other defendants to violate his rights under § 1983. For the reasons stated in Part A, we find no merit to this argument.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The opinion of the district court quotes sections of the West Virginia Code from various years. The substance of the quoted sections, however, has not changed. Amendments have merely renumbered the pertinent sections or added minor stylistic changes. Therefore, for the sake of simplicity, we will cite only to the 1986 version as amended in 1991